GEAUGA COUNTY PROSECUTING ATTORNEY, APPELLANT, v. SHERMAN DRILLING COMPANY, APPELLEE.

136

(No. 1206 — Decided
September 30, 1985.)

*Kent W. Penhallurick,* chief assistant prosecuting attorney, for appellant.
*Daniel T. Lehigh,* for appellee.

FORD, J. Defendant-appellee, Sherman Drilling Company, is engaged in the drilling of oil and gas wells. The motors of these drills are fueled by diesel fuel which is stored in tankers parked between fifty to one hundred fifty feet away from the wells. Between June 13, 1984 and July 3, 1984, appellee received three citations, issued by a certified fire safety inspector, alleging various violations of the state fire code, all of which involved the improper storage and handling of combustible fuel. On August 2, 1984, the fire safety inspector contacted plaintiff-appellant, the Geauga County Prosecuting Attorney, regarding these violations. Pursuant to R.C. 3737.46, appellant filed a complaint against appellee requesting relief in the form of a permanent injunction. Appellant also filed a motion for a preliminary injunction and for a temporary restraining order to enjoin further violations of the state fire code.

Appellant's motion for a temporary restraining order was granted on August 3, 1984. Approximately one week later, appellant filed an amended complaint, alleging additional violations of the state fire code, seeking relief in the form of a permanent injunction. At the same time, appellant also filed an amended motion for a preliminary injunction.

On August 13, 1984, a hearing was held for purposes of determining whether or not a preliminary injunction should be granted. The court of common pleas denied the preliminary injunction ruling that such relief was only appropriate under R.C. 3737.44. Accordingly, since appellant's complaint was brought under R.C. 3737.46, the only available remedy was that provided in R.C. 3737.42, *i.e.,* the citation procedure. On September 4, 1984, appellee filed a motion to dismiss appellant's amended complaint.

Appellee contended that since appellant's complaint sought a permanent injunction and the trial court had previously ruled that injunctive relief was inappropriate, the complaint failed to state a claim upon which relief could be granted. Appellee also asserted that the trial court lacked subject matter jurisdiction. The court filed its judgment entry on October 16, 1984, granting appellee's motion to dismiss. Appellant submits the following singular assignment of error:

"The court erred in granting defendant's motion to dismiss and dismissing the amended complaint."

At issue here is the lower court's interpretation of R.C. Chapter 3737, on which its decision to deny the preliminary injunction was based. Under R.C. 3737.42 and 3737.51, a certified fire safety inspector is authorized to issue a citation and assess a civil monetary penalty for a detected violation of the state fire code. When a penalty is assessed, a hearing must be held for purposes of receiving evidence as to the alleged violation. R.C. 3737.43(A). At the end of such hearing, the presiding officer may affirm, modify or dismiss

the citation or penalty or may extend the period of time for abatement of the violation. R.C. 3737.43(B).

The lower court ruled that these statutory procedures provide the appropriate relief with regard to the allegations contained in appellant's amended complaint. The court dismissed appellant's contention that R.C. 3737.46, which authorizes the legal officer of any county to institute and prosecute the necessary proceedings to enforce R.C. Chapter 3737, is a proper basis for granting injunctive relief. The court viewed R.C. 3737.46, upon which the instant action was brought, as merely designating the legal representative authorized to prosecute an action for injunctive relief, not as providing for an additional civil remedy. While the court indicated that injunctive relief would be appropriate under R.C. 3737.44 in imminent situations requiring prompt action, it concluded that appellant's amended complaint and motion failed to allege such a hazard. Accordingly, the trial judge dismissed the amended complaint for failure to state a cause of action upon which relief could be afforded.

The lower court's interpretation of R.C. Chapter 3737 is clearly supported by a thorough examination of the relevant provisions. R.C. 3737.44 unambiguously provides:

"(A) *The courts of common pleas shall have jurisdiction,* upon a complaint filed by the fire marshal, his authorized representative, or a certified fire safety inspector, to restrain, *immediately or before the imminence of such danger can be eliminated* through the enforcement procedures otherwise provided by Chapter 3737. of the Revised Code, any condition or practices in any building or upon any premises which violate the state fire code and are *such that a fire or explosion hazard exists which could reasonably be expected to cause death or serious physical harm.* Any order issued under this section may require such steps to be taken as may be necessary to avoid, correct, or remove such *imminent danger.* [Emphasis added.]

"(B) Upon the filing of any such complaint the court has jurisdiction to grant such injunctive relief or temporary restraining order pending the outcome of an enforcement proceeding pursuant to Chapter 3737. of the Revised Code."

By virtue of R.C. 3737.44, the court's ability to issue an injunction exists only in those situations involving "imminent danger." If appellant's argument, that R.C. 3737.46 provides for permanent injunctive relief for the enforcement of R.C. Chapter 3737, were to be adopted, injunctive relief would be available for any violation of the fire code regardless of its severity. The language of R.C. Chapter 3737 clearly indicates that this was not the intent of the legislature. Since appellant's amended complaint and motion did not aver the existence of a situation involving imminent danger for which injunctive relief would be granted, the court's decision to dismiss the action was correct.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DAHLING, P.J., and COOK, J., concur.